**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| DEMITRES COLEMAN, | § |
| | § |
| v. | §   CIVIL ACTION NO.  5:20-CV-00130-RWS-CMC |
| | § |
| | § |
| DIRECTOR, TDCJ-CID, | § |

**ORDER**

Petitioner, Demitres Coleman, an inmate currently confined at the Ellis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommended the petition be dismissed as time-barred (Docket No. 5).

The Court has received and considered the Report and Recommendation of the Magistrate Judge filed pursuant to such order, along with the record and the pleadings. Coleman timely filed objections to the Report and Recommendation (Docket No. 7). This requires a *de novo* review by the District Judge of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

In his objections, Coleman argues that he has overcome the procedural bar because he has established cause and prejudice. Docket No. 7. It appears from his objections that Coleman argues ineffective assistance of trial and appellate counsel must excuse the procedural default. *Id.* In support, Coleman sates "[t]he State of Texas presented Coleman with two deficient lawyer's [sic] trial counsel, appeal counsel, Coleman is a layman at law." *Id.* at 11. Coleman further states that

neither trial counsel nor appellate counsel argued the jury instructions misstated the law, that the State of Texas misstated the law in their arguments or that the State of Texas failed to prove the essential elements of its case. *Id.*

Coleman appears to misconstrue the application of the exception established in *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that when a State requires a petitioner to raise an ineffective assistance of trial counsel claim in an initial-review collateral proceeding (state collateral review), the petitioner may establish cause to excuse a default of that claim if (1) no counsel was appointed to raise a claim of ineffective assistance of trial counsel or (2) counsel in that proceeding was ineffective under the standards of *Strickland*, 466 U.S. at 687. *Martinez*, 566 U.S. at 13. The Supreme Court's holding in *Martinez* applies only to excuse a procedural default of claims of ineffective assistance that were not raised at all in state court. *Martinez* does not apply in a situation such as this where petitioner's claims are time-barred. *See Clark v. Dir. Tex. Dep't of Crim. Justice-Corr. Insts. Div.*, No. 1:18-CV-27 (E.D. Tex. Jan. 30, 2018) (citing *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014)), *adopted by* No. 1:18-CV-27 (E.D. Tex. May 4, 2018); *see also Hernandez v. Davis*, No. 3:17-CV-896, 2018 WL 6706236 (N.D. Tex. Nov. 26, 2018), *adopted by* 2018 WL 6696506 (N.D. Tex. Dec. 19, 2018); *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. 2017) (*Martinez* considered whether ineffective assistance of counsel excuses procedural default—that is, the failure to raise a claim in state court prior to filing a federal § 2254 application—not whether it excuses late filing) (citing *Lombardo v. United States*, 860 F.3d 547, 557–58 (7th Cir. 2017)).

Accordingly, the Court **OVERRULES** Coleman's objections and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. The petition for habeas corpus is therefore **DISMISSED** as time-barred.

Furthermore, the Court is of the opinion Coleman is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Coleman has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, he has failed to make a sufficient showing to merit the issuance of certificate of appealability and thus a certificate of appealability will not be issued.

**So ORDERED and SIGNED this 23rd day of March, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE